## KINTNER et v. LAWRENCE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8864. Decided June 11, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

Lloyd, J., of the 6th Dist., and Houck & Lemert, JJ., of the 5th Dist. sitting.

**CONTRACTS—Attorney and Client. (40 C2)**
(150 C3) Duty of Court, not jury, to construe written contract.
(150 Db) In action, by attorney, for compensation for services in securing settlement of claim of ward against guardian, said claim consisting of interest in real estate, increased value of real estate, after settlement, not correct measure of damages.

Error to Common Pleas.
Judgment reversed.

Lex Kintner and D. H. Hopkins, Cleveland, for Kintner et.
C. J. Bannick, Cleveland, for Lawrence.

### STATEMENT OF FACTS.

Plaintiffs in error were plaintiffs, and defendant in error, defendant, and will be so referred to here. Plaintiffs were attorneys at law, and on October 2, 1925, they entered into a written agreement whereby plaintiffs were to act as attorneys for defendant.

"in negotiating for a settlement and if same is not effected, in bringing, conducting and prosecuting an action against Clara Lawrence to recover damages for failure to render an accounting of her guardianship * * * and in consideration for services so rendered and to be rendered * * * it is agreed that they shall receive a sum of money equal to 15% of whatever recovery may be had in the case on trial thereof; and in case said claim or suit is settled prior to trial" then they "shall receive an amount equal to 15% of whatever may be recovered in such settlement."

Clara Lawrence is the mother and was the guardian of defendant, having been appointed such when defendant was eleven years of age.

Negotiations for settlement failed and plaintiffs, as attorneys, for defendants, filed an action in the Common Pleas against Clara Lawrence for accounting and for a conveyance to plaintiff of an interest in certain real estate, the title to which it was claimed Clara Lawrence held in trust, having acquired same with funds which came from the estate of defendant's father, and in which as such heir she had an undivided interest. In this action plaintiff was decreed to be the owner in fee simple of an undivided 1/3 interest in the real estate in question, and in addition thereto a judgment was entered in her favor in the sum of $23,250.00.

Defendant, without the knowledge of plaintiffs, entered satisfaction of this judgment in the Clerk's office and thereafter paid to plaintiffs 15% of $23,250 for services rendered under the terms of the contract but refused to pay them anything in addition thereto.

The plaintiffs claim that they are also entitled to 15% of the value of the real estate in controversy, and claim the value of the 1/3 interest of defendant therein is $30,000 and that under their contract with defendant they are entitled to 15% of that sum.

Upon the trial of the action in Common Pleas, a verdict was returned for defendant.

As to the contract in question the trial judge instructed the jury as follows:

"I say you will have this contract with you in your jury room. There are no ambiguous terms in the contract and it is plain, so that you can understand it without the Court explaining it."

On this subject the court also instructed the jury that

"The contract sued upon in this case must be strictly construed. Bearing this in mind, you must determine whether or not any services rendered, if any, were performed by plaintiffs, in securing a settlement whereby a certain agreement, between defendant and her mother concerning certain real estate was terminated, if any such agreement was terminated, was or was not part of the services to be performed by plaintiffs under their contract of employment for which they were to be compensated thereunder."

LLOYD, J.

Obviously the instruction which was so given, constituted prejudicial error since it was the duty and responsibility of the court to construe the contract to say whether it did or did not relate to and include the services for which plaintiff sought to recover a verdict and judgment.

As to the measure of damages, the court instructed the jury as follows:

"The measure of compensation or damages would be, if any is allowed, fifteen percent of the increased value of the real estate, if there was an increased value, after the settlement of the case between the defendant and her mother, and prior thereto. Putting it another way, it was, in the reasonable sale value of defendant's interest in said real estate before and after the settlment, if there was a settlement of the litigation for which plaintiffs were employed by this defendant."

If the construction given the contract by the court constituted a cause of action thereunder, for the services of plaintiffs for which they claimed compensation, then manifestly these instructions did not correctly state the measure of damages and was prejudicially erroneous.

The judgment of the Common Pleas is hereby reversed and the action is hereby remanded for further proceeding according to law.

(Houck and Lemert, JJ. concur.)